**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**Electronically Filed**

| | |
|---|---|
| KARA LORENZANA and ISRAEL LORENZANA, CLASS REPRESENTATIVES, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 4:12-cv-21-JHM-ERG ) |
| v. | ) ) |
| 2ND STORY SOFTWARE, INC., | ) ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO TRANSFER VENUE**

I.   **INTRODUCTION**

Plaintiffs Kara Lorenzana and Israel Lorenzana, class representatives (collectively "Plaintiffs" or "Lorenzana") and Defendant 2nd Story Software, Inc. ("Defendant" or "2nd Story") contractually agreed to litigate any disputes arising out of Plaintiff's use of 2nd Story's software in state or federal courts located in Linn County, Iowa. Plaintiffs' claims arise out of a User Agreement ("Agreement") between Plaintiffs and 2nd Story, an Agreement that Plaintiffs expressly agreed to as a condition of using 2nd Story's software. The Agreement includes a mandatory forum selection clause that expressly requires the Plaintiffs to litigate any matters "arising from or relating to" the Agreement in the state or federal courts in Linn County, Iowa. Despite their clear and unambiguous contractual commitment to litigate any claims they may have against 2nd Story in Linn County, Iowa, Plaintiffs filed this lawsuit in Kentucky.

2nd Story requests that the Court enforce the forum selection clause voluntarily agreed to by Plaintiffs and transfer the action to the United States District Court for the Northern District of Iowa[1] pursuant to 28 U.S.C. § 1404(a).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

2nd Story is an Iowa corporation located in Cedar Rapids, Linn County, Iowa. Declaration of JoAnn Kintzel at ¶ 2.  2nd Story sells tax preparation software commonly known as TaxACT.  *Id.* at ¶ 3.  2nd Story also provides free access to a version of the TaxACT software online to the public ("Free Software"), provided that users of the Free Software first affirmatively "agree" to be bound by the terms and conditions set forth in the Agreement.  *Id.* at ¶¶ 4-5.

Specifically, potential users of the Free Software are presented with a login screen when they first attempt to begin using the Free Software, a copy of which is attached to the supporting declaration of JoAnn Kintzel at Exhibit A.  *Id.* at ¶ 6, Exhibit A.  This same system was in place during Plaintiffs' alleged use of the Free Software in 2009, and a copy of the 2009 login screen is attached to the supporting declaration of JoAnn Kintzel at Exhibit B.  *Id.* at ¶ 9, Exhibit B.  Users must affirmatively click on the "I agree" box displayed on the screen directly next to a link to the Agreement.  *Id.* at ¶ 7.  If a potential user attempts to move forward without clicking the "I agree" box, he or she will receive an "error" message and will not be able to use the Free Software until such time as the user clicks the "I agree" box.  *Id.* at ¶ 8.

The Agreement in place in 2009 is virtually identical to that in place today.  The 2009 Agreement contained a mandatory forum selection clause, that provided:

---

[1] The Northern District of Iowa sits in Cedar Rapids, Linn County, Iowa such that it is a "federal court[] in Linn County, Iowa" as contemplated by the Agreement.

> **Jurisdiction and Venue**
> You agree that any lawsuits arising from or relating to this agreement shall be filed in the state or federal courts in Linn County, Iowa, and that jurisdiction shall be exclusively in Linn County, Iowa.  You consent to jurisdiction of said courts, and waive any objections thereto.

Declaration of JoAnn Kintzel, Exhibit C at ¶ 18 (bold emphasis in original).

According to the Complaint, Lorenzana used the Free Software to prepare their 2009 tax returns.  Again, the same process described above was in place on TaxACT's website at the time of the Lorenzana's use of Free Software in 2009, meaning that the Lorenzanas must have necessarily clicked the "I agree" box next to the Agreement before using the Free Software.  Declaration of JoAnn Kintzel, ¶¶ 9-10.

Despite the clear and unequivocal forum selection clause stated in the Agreement and the fact that they affirmatively agreed to be bound by that provision, Plaintiffs filed this lawsuit in the United States District Court for the Western District of Kentucky.  Defendant now seeks transfer of this matter to the United States District Court for the Northern District of Iowa, the forum voluntarily agreed to by Plaintiffs as a precondition of their use of the Free Software.

### III.   ARGUMENT AND AUTHORITY

This Court should transfer the case to the United States District Court for the Northern District of Iowa pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  *Id.*; *see also MSDG Mobile, LLC v. American Fed., Inc.*, 2006 U.S. Dist. LEXIS 7787, at *5 (W.D. Ky. Feb. 28, 2006) (J. McKinley) (under section 1404(a), "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness") (quoting *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002)).

The party moving for a transfer of venue typically has the burden of proving that such transfer is appropriate and the plaintiff's forum choice is entitled to considerable weight. *MSDG Mobile*, 2006 U.S. Dist. LEXIS 7787, at *6. When the parties have agreed to a forum selection clause, however, the presumption in favor of plaintiff's forum choice is negated, dramatically shifting the burden. *Id.* (citing *Travelers Prop. Cas. Co. of Am. v. Centimark Corp.*, 2005 U.S. Dist. LEXIS 35611, at *10 (S.D. Ohio May 3, 2005)). The non-moving party opposing the forum selection clause "bears the burden of showing that the clause should not be enforced." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).

In the face of a forum selection clause, the non-moving party's burden is significant as such clauses are deemed to be "*prima facie* valid." *Southeastern Communication Serv., Inc. v. Allstate Tower, Inc.*, 2008 U.S. Dist. LEXIS 30562, at *4 (W.D. Ky. Apr. 14, 2008) (J. McKinley). Moreover, a forum selection clause is "presumed to be controlling absent a strong showing that it should be set aside." *Id.* (citing *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006)). The non-moving party must point to specific reasons why enforcement of the forum selection clause is unreasonable under the circumstances. *MSDG Mobile*, 2006 U.S. Dist. LEXIS 7787, at *6.

When evaluating and ultimately enforcing a transfer of venue pursuant to section 1404(a), this Court has noted that "a forum selection clause constitutes a 'significant factor that figures centrally in [a] district court's calculus.'" *Washburn v. Garner*, 2005 U.S. Dist. LEXIS 16623, at *19 (W.D. Ky. Aug. 10, 2005) (J. McKinley) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)). Courts examine the following three factors when determining the enforceability of a forum selection clause: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated

forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828. Plaintiffs cannot satisfy any of these factors here.

<u>First</u>, the forum selection clause in the Agreement was not obtained by fraud, duress or other unconscionable means. Rather, Plaintiffs were instructed in the second paragraph of the Agreement, which appeared on the login screen, that they were not permitted to use the Free Software:

> until you have read this Agreement and indicated your unconditional acceptance of it by clicking the "I accept" icon. If you do not accept this Agreement, you should terminate your use of the Services by clicking the "I do not accept" icon.

Declaration of JoAnn Kintzel, Exhibit A. Thus, Plaintiffs made a conscious choice to accept the benefits of using the Free Software in return for the obligations the Agreement imposed upon them. The forum selection clause was clearly denoted in the Agreement, set forth in a separate paragraph with a bold-faced heading entitled "Jurisdiction and Venue." Declaration of JoAnn Kintzel, Exhibit C at ¶ 18. Finally, Plaintiffs necessarily clicked on the "I agree" checkbox before they were able to even use the Free Software, an affirmative act by Plaintiffs confirming their acceptance of the terms of the Agreement and the forum selection clause contained therein. *See Wong*, 589 F.3d at 829 (plaintiff poker players registered on defendant's website and agreed to the site's terms and conditions, which included a forum selection clause; noting that "the Supreme Court has held that a forum selection clause is not unreasonable simply because it appears in a non-negotiated consumer contract").

<u>Second</u>, there is no indication that the Northern District of Iowa would unfairly or ineffectively address Plaintiffs' claims. To the contrary, the trial should be held in a forum that is at home with the state law that the parties chose to govern the case, Iowa. The Agreement's

choice of law clause, with which Plaintiffs affirmatively agreed, states as follows: "The validity and performance of this Agreement shall be governed by Iowa law (without reference to choice of law principles), and applicable federal law." Declaration of JoAnn Kintzel at Exhibit B. As the Northern District of Iowa would be more familiar with the laws of Iowa as compared to the Western District of Kentucky, this factor weighs in favor of transferring the case to the Northern District of Iowa. *See MSDG Mobile*, 2006 U.S. Dist. LEXIS 7787, at \*9 (holding that transferring the case from the Western District of Kentucky to the Eastern District of Missouri was favored when that court would be more familiar with the laws of Missouri required by the parties' choice of law provision).

Third, the convenience of litigating in Iowa also weighs heavily in favor of 2nd Story. 2nd Story is a relatively small Iowa company located in Cedar Rapids, Iowa – the very forum in which the parties agreed to bring any lawsuits arising from or related to the Agreement. A significant number of Defendant's witnesses and virtually all of the relevant evidence is located in Iowa, the very reason why 2nd Story expressly conditions the public's use of the Free Software on the agreement to litigate any resulting disputes in Iowa. While Plaintiffs, as class representatives, are residents of the state of Kentucky, in the event the class is ultimately certified, the class representatives will only have a nominal role in the case and the other members of the class may reside in various states such that one venue is no more appropriate than another. Nevertheless, "unless all parties reside in the selected jurisdiction, any litigation will be more expensive for some than for others" *id.* at \*14-15, and "[i]nvalidating a forum selection clause must be based on more than mere inconvenience." *Braman v. Quizno's Franchise Co., LLC*, 2008 U.S. Dist. LEXIS 97929, at \*13 (N.D. Ohio Feb. 20, 2008). Thus, the

most convenient location for the litigation is the same location that the parties voluntarily agreed to: Cedar Rapids, Iowa.

<u>Finally</u>, forum selection clause is also clear and unequivocal. The mandatory clause provides that the exclusive forum for any litigation arising from or relating to the Agreement *shall* be in the state or federal courts in Linn County, Iowa. Declaration of JoAnn Kintzel, Exhibit C at ¶ 18.

In summary, Plaintiffs cannot meet their burden of proving that the clause is unenforceable or obtained by fraud, duress or other unconscionable means. The Northern District of Iowa is best equipped to address the parties' dispute and the most convenient forum for the parties, considering it is the location of 2nd Story's business, witnesses and documentary evidence. Denying transfer would require this Court to essentially ignore the forum selection clause agreed to by the parties. Accordingly, 2nd Story respectfully requests that this Court grant Defendant's Motion to Transfer Venue.

## IV. CONCLUSION

For the reasons stated above, Defendant 2nd Story Software, Inc. respectfully requests that this Court transfer the matter to the United States District Court for the Northern District of Iowa pursuant to 28 U.S.C. § 1404(a).

                                           Respectfully submitted,

                                           */s/* Charles M. Pritchett, Jr.
                                           FROST BROWN TODD LLC
                                           400 West Market Street, 32nd Floor
                                           Louisville, KY 40202-3363
                                           Tel: 502-589-5400
                                           Fax: 502-581-1087
                                           cpritchett@fbtlaw.com

## CERTIFICATE OF SERVICE

   I hereby certify that on May 11, 2012, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

cnorris@christinanorrislaw.com
Christina Norris, Esq.
CHRISTINA NORRIS, PSC

sam@rocklawgroup.com
Samuel C. Rock, Esq.
ROCK LAW GROUP, PLC

dean@lawdean.com
C. Dean Furman, Esq.
FURMAN & NILSEN, PLLC
*Attorneys for Plaintiff*

              /s/ Charles M. Pritchett, Jr.
              *Counsel for Defendant*

LOULibrary TMP.TMP 1251589v1