**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:12CV-00021-JHM**

**KARA LORENZANA and**
**ISRAEL LORENZANA,**
**CLASS REPRESENTATIVES**                                                         **PLAINTIFFS**

**VS.**

**2ND STORY SOFTWARE, INC.**                                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, 2nd Story Software, Inc., to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Iowa. [DN 8]. Plaintiffs, Kara and Israel Lorenzana, have also filed a motion for leave to file a surreply. [DN 11]. Fully briefed, this matter is ripe for decision. The Court grants the Plaintiffs' motion for leave to file a surreply. For the reasons set forth below, the Defendant's motion to transfer is granted.

**I. BACKGROUND**

Defendant, 2nd Story Software, Inc., is an Iowa corporation located in Cedar Rapids, Linn County, Iowa. Defendant sells tax preparation software commonly known as TaxACT. Defendant also provides access to a "free" version of TaxACT online to the public ("TaxACT" or "software"), provided that users of the software first affirmatively agree to be bound by the terms and conditions set forth in the 2009 TaxACT User Agreement.[1] Potential users of the software are presented with

---

[1]Defendant characterizes the software as free. In their surreply, Plaintiffs argue that the use of the software is not actually free and present a receipt indicating that they incurred fees of $7.95 for TaxACT 2010 Phone Support and $23.90 for TaxACT Online Deluxe --Federal and Kentucky Returns and 2010 Data Archive Services. The Plaintiffs do not attach a receipt related to the 2009 return. Whether the software is characterized as free or not is immaterial to whether

a login screen when they attempt to begin using the software. (Declaration Joann Kintzel ¶ 6.) Users must affirmatively click on the "I agree" box displayed on the screen directly next to a link to the Agreement. If the potential user attempts to move forward without clicking the "I agree" box, the user will receive an error message until such time the user clicks the "I agree" box. (Id. at ¶¶7-8.). According to Joann Kintzel, President of 2nd Story, this process was in place in 2009 when Plaintiffs allege they used the software. The User Agreement contains a forum selection clause, which provides as follows:

> **Jurisdiction and Venue**
> You agree that any lawsuits arising from or relating to this agreement shall be filed in the state or federal courts in Linn County, Iowa, and that jurisdiction shall be exclusively in Linn County, Iowa. You consent to jurisdiction of said courts, and waive any objections thereto.

(2009 TaxACT User Agreement.)

According to the Complaint, Plaintiffs, Kara and Israel Lorenzana, used the software to prepare their 2009 tax returns.[2] Plaintiffs assert that Defendant negligently designed, developed, manufactured, marketed, distributed, and sold the use of tax services software that permitted users to file their tax return with an incorrect filing status. (Complaint ¶¶ 48, 51.) Plaintiffs claim that in preparing the online tax return through the 2009 version of TaxACT they listed the same address on both returns. Despite doing so, TaxACT permitted both of them to file in the status of Head of Household and claim the married couple's children for the Earned Income Tax Credit which is not permitted under the Tax Code. (Id. at ¶¶ 25-28.) Plaintiffs claim because of this defect, they have

---

the forum selection clause is valid and enforceable.

[2]Plaintiff, Israel Lorenzana, stated that his wife used TaxAct to prepare their tax returns in 2009 and 2010. (Israel Lorenzana Aff. at 3.)

had to repay the amount of the Earned Income Tax Credit they received in 2009, plus penalties, interest, and professional fees. (Id. at ¶ 31.) As a result, the Plaintiffs filed this class action lawsuit against Defendant, 2nd Story Software, Inc., alleging claims for negligent design, strict liability, fraud, breach of fiduciary duty, breach of express and implied warranties, and punitive damages related to their use of the online 2009 tax preparation software, TaxACT. Defendant now moves to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Iowa arguing that the forum selection clause contained in the 2009 TaxACT User Agreement in conjunction with the other § 1404(a) factors support the transfer.

## II. DISCUSSION

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this section, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 536, 537 (6th Cir. 2002). "[T]he presence of a valid forum selection clause is a significant factor in analyzing a §1404(a) motion for discretionary change of venue, but it is not determinative." AmerisourceBergen Drug Corp. v. Meijer, Inc., 2005 WL 1630843, *2 (S.D. Ohio July 8, 2005)(citing Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988); Kerobo, 285 F.3d at 537). In addition to the forum selection clause, the district court "should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1137 (6th Cir. 1991); Kerobo, 285 F.3d at 537-538;

3

Travelers Property Casualty Co. of America v. Centimark, Corp., 2005 WL 1038842, *3 (S.D. Ohio May 3, 2005). The Sixth Circuit suggests that relevant factors to be considered include: "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based upon the totality of the circumstances." National City Bank v. Breeden, 2009 WL 3514587, *1 (W.D. Ky. Oct. 29, 2009)(citing Kattula v. Jade, 2007 WL 1695669 (W.D. Ky. June 8, 2007); Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Racing, Inc., 406 F. Supp. 2d 751 (E.D. Ky. 2005). See also Reese v. CNH America LLC, 574 F.3d 315, 320 (6th Cir. 2009)).

The moving party generally has the burden of proving that transfer is appropriate and the plaintiff's choice of forum is entitled to considerable weight. Travelers Property Casualty, 2005 WL 1038842, *4; Bacik v. Peek, 888 F. Supp. 1405, 1414 (N.D. Ohio May 14, 1993). "However, courts have held that the presence of a forum selection clause negates the presumption given to the plaintiff's choice of forum and requires the plaintiff to prove why enforcement and transfer is unreasonable under the circumstances." Travelers Property, 2005 WL 1038842, * 4 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995)); Stuart Organization, 487 U.S. at 29-30. Thus, in this case, Plaintiffs bear the burden of pointing to specific reasons why enforcement of the forum selection clause is inappropriate.

**A. Enforceability of the Forum Selection Clause**

Whether a forum selection clause can be enforced is a matter of federal procedure and

thereby decided under federal law.  Wong v. PartyGaming Ltd., 589 F.3d 821, 827 (6th Cir. 2009). Generally, forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Wong, 589 F.3d at 827; Moses, 929 F.2d at 1136.  According to the Sixth Circuit, in evaluating the enforceability of a forum selection clause, the Court looks to the following factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust."  Wong, 589 F.3d at 828 (citing Security Watch, Inc. v. Sentinel Systems, Inc., 176 F.3d 369, 375 (6th Cir. 1999)).

Plaintiffs argue that the forum selection clause in this case is procedurally unconscionable and against public policy.  Specifically, citing Kentucky law[3], Plaintiffs contend that the User Agreement "is an adhesion contract that the [Plaintiffs] had no opportunity to negotiate" and is therefore unenforceable.  (Plaintiffs' Response at 4.)  Plaintiffs maintain that the forum selection clause places consumers in a "materially risk shifted position where they would have to expend significant funds to litigate a case in a jurisdiction far from home."  (Id.)  Plaintiffs contend that the bargaining power between a nationwide company like Defendant and the Plaintiffs gives unfair weight to Defendant in forcing consumers to accept its form contract.  According to Plaintiffs, the fact that other tax preparation online software have similar terms leaves consumers with no market choices in finding tax preparation services online unless they agree to a form user agreement.

---

[3]Plaintiffs incorrectly argue that the Court should apply Kentucky law to determine if the forum selection clause at issue is enforceable.

5

Finally, Plaintiffs argue that they should not be expected to understand that the terms of use in an on-line user agreement could force them to litigate in a far away jurisdiction. (Id.)

### 1. First Factor

Plaintiffs have not shown the forum selection clause was obtained by Defendant through fraud, duress, or overreaching. See Security Watch, 176 F.3d at 375; Inghram v. Universal Indus. Gases, Inc., 2006 WL 306650, *6 (E.D. Tenn. Feb. 8, 2006). Plaintiffs have failed to demonstrate fraud in the inclusion of the forum selection clause itself. General claims of fraud, as made in the present case, "do not suffice to invalidate the forum selection clause." Wong, 589 F.3d at 828. As stated by the Sixth Circuit in Moses, "unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause *to agree to inclusion of that clause* in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." Moses, 929 F.2d at 1138.

Furthermore, Plaintiffs' argument that the forum selection clause is unenforceable because the User Agreement is an adhesion contract has been rejected by the United States Supreme Court and the Sixth Circuit. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593 (1991)(rejecting the Court of Appeals determination that "a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining"); Wong, 589 F.3d at 829-830. Relying on United States Supreme Court precedent, the district court in Williams v. CIGNA Corp., 2010 WL 5147257 (W.D. Ky. Dec. 13, 2010), held:

> [Plaintiff] also claims that the documents containing the forum selection clause were part of an adhesion contract and overly sophisticated. Since the Supreme Court has previously upheld forum selection clauses in adhesion [contracts] . . ., this argument must be rejected.

Id. at *4 (citing Shute, 499 U.S. at 593).

Finally, there is no dispute that the forum selection clause was presented to Plaintiffs or that it contained clear and unambiguous language. As discussed above, the forum selection clause clearly provides that "[y]ou agree that any lawsuits arising from or relating to this agreement shall be filed in the state or federal courts in Linn County, Iowa, and that jurisdiction shall be exclusively in Linn County, Iowa. You consent to jurisdiction of said courts, and waive any objections thereto." (2009/2010 TaxACT User Agreement.) While Plaintiff, Kara Lorenzana, represents that she was not aware that she would have to litigate any and all claims against the maker of TaxACT in Iowa, she does not indicate that the forum selection clause was hidden from her during her initial login to the website or that she was in any way misled or confused by the language of the forum selection clause. (Kara Lorenzana Aff. at ¶ 4.) Similarly, she does not contest that she voluntarily agreed to the User Agreement which contains the forum selection clause in exchange for use of the tax preparation software. In fact, Plaintiffs were instructed in the second paragraph of the User Agreement, which appeared on the login screen, that they were not permitted to use the software "until you have read this Agreement and indicated your unconditional acceptance of it by clicking the 'I accept' icon." (JoAnn Kintzel Decl. at ¶ 5-7; User Agreement at 1.) As noted by Defendant, Ms. Lorenzana's affidavit does not even indicate that she read the clause before agreeing to be bound by the User Agreement.

For these reasons, the Court finds that Plaintiffs have not satisfied their burden of establishing that the forum selection clause at issue is the product of fraud, duress, or other unconscionable means.

**2. Second Factor**

Under the second factor, Plaintiffs must demonstrate that the Northern District of Iowa

would ineffectively or unfairly handle the suit. Wong, 589 F.3d at 829. The federal courts of Iowa are fully capable of effectively and fairly adjudicating this suit. Plaintiffs have not presented any argument to the contrary.

### 3. Third Factor

Under the third factor, Plaintiffs must show that enforcement of the forum selection clause "would be so inconvenient such that its enforcement would be unjust or unreasonable." Wong, 589 F.3d at 829(citing Preferred Capital, Inc. v. Associates of Urology, 453 F.3d 718, 722–23 (6th Cir. 2006)). "This finding must be based on more than mere inconvenience of the party seeking to avoid the clause." Id. Enforcement of a forum selection clause is not unreasonable where the opposing party fails to produce any evidence that it was exploited or unfairly treated. Id. (citing General Elec. Co. v. G. Siempelkamp GmbH & Co., 29 F.3d 1095, 1099 (6th Cir. 1994)). The Sixth Circuit's decision in Wong v. PartyGaming Ltd., 589 F.3d 821, 827 (6th Cir. 2009), is instructive. In Wong, plaintiff poker players registered on defendant's website and agreed to the site's terms and conditions, including the forum selection clause requiring any litigation to occur in Gibraltar. The Sixth Circuit noted that while the plaintiffs were "not sophisticated business entities with the ability to negotiate the forum, and continuing the suit in Gibraltar would no doubt be an inconvenience," "plaintiffs ha[d] not carried their 'heavy burden' of showing that enforcing this forum selection clause would be unjust or unreasonable." Wong, 589 F.3d at 829-830. In the present case, just as in Wong, Plaintiffs are not sophisticated business entities with the ability to negotiate the forum, and continuing the suit in Iowa would no doubt be an inconvenience. However, even with these considerations, Plaintiffs likewise have not carried their burden of showing that enforcing the forum selection clause in this case would be unjust or unreasonable. Id.

Finally, in as much as Plaintiffs claim that litigation in Iowa would result in financial hardship, the Sixth Circuit has recognized that "[u]nless all parties reside in the selected jurisdiction, any litigation will be more expensive for some than for others." Moses, 929 F.2d at 1139. According to the Sixth Circuit, this is not a reason for declaring such a forum selection clause invalid. Id.

For these reasons, the Court finds that Plaintiffs have not demonstrated that the forum selection clause contained in the User Agreement is unjust or unreasonable. Accordingly, the Court finds the forum selection clause valid.

### B. Forum Selection Clause Applies to All Claims

In the event the Court upheld the forum selection clause, Plaintiffs contend that transfer is not proper because the Northern District of Iowa lacks personal jurisdiction. Additionally, Plaintiffs maintain that at least five of the six counts alleged in the Complaint fall outside the scope of Defendant's forum selection clause. The Court disagrees.

First, "the requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system." Preferred Capital, 453 F.3d at 721. A forum selection clause is one means by which contracting parties may agree, in anticipation of litigation, to submit to the jurisdiction of a particular court. Id. (citing M/S Bremen, 407 U.S. at 11). See also Marathon Petroleum Co., LLC v. Aliaga, 2010 WL 480978 (N.D. Ohio 2010); A & W Restaurants, Inc. v. Cook Corp., 2006 WL 2850268, * 3 (W.D. Ky. Oct. 2, 2006); Angtrom Technologies, Inc. v. Wray, 382 F. Supp. 2d 895, 897 (E.D. Ky. 2005); National Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315-16 (1964) ("[I]t is settled ... that parties to a contract may agree in advance to submit to the

jurisdiction of a given court[.]"); D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006) ("Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements."). Having found the forum selection clause enforceable, the Northern District of Iowa has personal jurisdiction over this matter.

Second, contrary to Plaintiffs' argument, all of Plaintiffs' claims are within the scope of the forum selection clause. The forum selection clause contained in the User Agreement applies to "any lawsuits arising from or relating to this agreement." The Sixth Circuit, along with many other courts, "interpret forum selection clauses with 'related to' language as covering tort or consumer protection claims 'related to' the contract's purpose." Hasler Aviation, L.L.C. v. Aircenter, Inc., 2007 WL 2463283, *5 (E.D. Tenn. Aug. 27, 2007) (finding that the forum selection clause in that case applied to the plaintiff's claims sounding in contract, tort, and arising under the Tennessee Consumer Fraud Act); Wong, 589 F.3d at 824-25; Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209 (7th Cir.1993) ("Regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action."); Wireless Properties, LLC v. Crown Castle Intern. Corp., 2011 WL 3420734, *6 (E.D. Tenn. Aug. 4, 2011); Aeronautical Accessories, Inc. v. Petroleum Helicopter, Inc., 2010 WL 3619969, *2 (E.D. Tenn. Sept.13, 2010); Washburn v. Garner, 2005 WL 1907530, *8 (W.D. Ky. Aug. 10, 2005); Terra Intern., Inc. v. Mississippi Chemical Corp. 119 F.3d 688 (8th Cir. 1997); Banco Popular De Puerto Rico v. Airborne Group PLC, 882 F. supp. 1212 (D. P.R. 1995)(forum selection clause encompassed not only breach of contract claim, but also negligent manufacture and maintenance of the product). Thus, based on this case law, the forum selection clause at issue applies equally to all Plaintiffs' claims, whether sounding in contract or tort. See, e.g., Hasler, 2007 WL 2463283, *5; Unique

Shopping Network, LLC v. United Bank Card, Inc., 2011 WL 2181959, *10 (E.D. Tenn. June 3, 2011).

Third, contrary to Plaintiffs' arguments, the validity of other provisions of the User Agreement, such as the limitation of damages provision, do not impact the validity of the forum selection clause and can be effectively litigated in the Northern District of Iowa.

For these reasons, the Court finds that the forum selection clause applies to all claims asserted in Plaintiffs' Complaint.

### C. Transfer of Venue under § 1404(a)

As discussed above, section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The instant suit could have been brought in the United States District Court for the Northern District of Iowa pursuant to 28 U.S.C. § 1391. An action founded in diversity jurisdiction may be brought in a judicial district where any defendant resides, if all defendants reside in the same State, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a)(1)-(2). Because the Defendant resides in Iowa, this matter could have been brought in the Northern District of Iowa. Accordingly, § 1404(a)'s requirement that a civil action may only be transferred "to any other district or division where it might have been brought" has been met. Having determined that this requirement is met, the Court will consider the other § 1404(a) factors outlined above, along with the valid forum selection clause, to determine whether a transfer of venue is warranted in this case.

### 1. Convenience of the Parties

Plaintiffs are Kentucky residents. Defendant is an Iowa corporation with its principal place of business in Cedar Rapids, Linn County, Iowa. Plaintiffs argue that they would incur great expense for themselves and counsel[4] to travel to Iowa for depositions, hearings, and a trial. Clearly, the Plaintiffs would be inconvenienced by litigating in Iowa and Defendant likewise would be inconvenienced by litigating in Kentucky. Generally, "[a] transfer is not appropriate if the result is simply to shift the inconvenience from one party to another." Wayne County Employees Ret. Sys. v. MGIC Inv. Corp., 604 F. Supp.2d 969, 975 (E.D. Mich. 2009) (citing Evans Tempcon, Inc. v. Index Indus., Inc., 778 F. Supp. 371, 377 (W.D. Mich. 1990)). However, as to Plaintiffs' own convenience, "by consenting to the forum-selection clause, [Plaintiffs have] already agreed that [Iowa] is a convenient forum." J. Slagter & Son Const. Co. v. IBCS Group, Inc., 2011 WL 3501866, *5 (W.D. Mich. Aug. 10, 2011); Superior Care Pharm. Inc. v. Medicine Shoppe Int'l, Inc., 2011 WL 597065, *4 (S.D. Ohio Feb. 10, 2011).

### 2. Convenience of Witnesses, Access to Proof, and Locus of Operative Fact

In the present case, Plaintiffs have put at issue in the case not only breaches of warranty, but also products liability issues. In such cases, "a significant amount of evidence is developed regarding the design and/or manufacturing process used to produce the product in question; because none of the Defendants [or employees] are located in Kentucky, it is likely that a significant portion of the evidence in this regard would be developed out-of-state, where the persons involved in these processes are located." Progressive Northern Ins. Co. v. Therm Technology Corp., 2006 WL 1814346, *2 (W.D. Ky. June 29, 2006). Given that the majority of witnesses and documentary

---

[4]Plaintiffs have retained two counsel from Kentucky and one from Atlanta, Georgia.

evidence which are essential to the parties' proof in this case are located in or near Cedar Rapids, Iowa, the Court finds these three factors supports transfer.

### 3. Availability of Process to Compel Attendance of Unwilling Witnesses

In considering the availability of process to compel attendance of an unwilling witness, this factor favors neither party, as compelling the attendance in either state of unwilling witnesses from the other state is equally possible. Functional Pathways of Tenn., LLC v. Wilson Senior Care, Inc., 2012 WL 1108133 (E.D. Tenn. March 30, 2012).

### 4. Relative Means of the Parties

In examining this factor, neither party offers any documentation related to their relative financial means and resources of the parties. Instead, Plaintiff Kara Lorenzana submits that she and her husband are barely able to make their tax debt service payments. (Kara Lorenzan Aff. at 1.) Considering this affidavit, the Court finds that this factor weighs in favor of Plaintiffs.

### 5. Forum Familiar with Governing Law

The User Agreement provides that "[t]he validity and performance of this Agreement shall be governed by Iowa Law." (User Agreement at 4.) The District Court for the Northern District of Iowa is more familiar with the laws of Iowa compared to this Court in the Western District of Kentucky. See MSDG Mobile, LLC v. American Federal, Inc. 2006 WL 515531, *3 (W.D. Ky. Feb. 28, 2006)(fact that choice of law clause specified Missouri law favored transfer to the Eastern District of Missouri); Progressive Northern Ins. Co., 2006 WL 1814346, *2 (fact that choice of law clause specified Florida law favored transfer to the Middle District of Florida). Therefore, this factor weighs in favor of transfer to the Northern District of Iowa.

### 6. Plaintiffs' Choice of Forum and Interests of Justice

The final two factors, Plaintiffs' choice of forum and the interests of justice based on the totality of the circumstance, weigh heavily in favor of transferring the claims against Defendant to Iowa. "Because the court found the forum selection clause to be valid and applicable, granting deference to [Plaintiffs'] choice of forum in this case 'would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system.'" Integrated Management Systems, Inc. v. Maity, 2012 WL 162282, *7 (E.D. Mich. Jan. 19, 2012)(quoting In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)); Stewart Org., 487 U.S. at 33(Kennedy J., concurring)). Having determined that Plaintiffs have not shown why they should not be bound by their contractual choice of forum, the Court concludes that deference is not owed to Plaintiffs' choice of forum and the interests of justice weigh in favor of transferring the case to the Northern District of Iowa.

Accordingly, balancing the above factors, including the forum selection clause, the Court concludes that transfer of this matter to the Northern District of Iowa is warranted.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant to transfer this case [DN 8] is **GRANTED**. **IT IS FURTHER ORDERED** that this matter is transferred to the United States District Court for the Northern District of Iowa.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

July 10, 2012